# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSEMARY A. LOLLIS, and<br>FRED C. LOLLIS,<br><br>    Plaintiffs,<br><br>v.<br><br>JUDGE DORIS FRANSEIN, and<br>TIMOTHY MICHAELS-JOHNSON,<br><br>    Defendants. | Case No. 15-CV-280-TCK-PJC |

## OPINION AND ORDER

  Before the Court is Plaintiffs' Complaint (Doc. 1) and Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Doc. 2). Plaintiffs Rosemary and Fred Lollis ("Plaintiffs") appear to allege that their children were taken into custody by Child Protective Services ("CPS") based on false allegations of neglect and abuse. Plaintiffs have not alleged specific causes of action or provided detailed allegations with regard to each defendant. However, based on the few allegations provided, Plaintiffs apparently contend Defendant Judge Doris Fransein exhibited "bias in court," signed a court order without considering the facts, and deprived Plaintiffs of their due process rights. (Doc. 1.) Plaintiffs' allegations do not address Defendant Timothy Michaels-Johnson, a Tulsa County Assistant District Attorney ("Michaels-Johnson"), by name or appear to relate to any action taken by him. Plaintiffs are proceeding *pro se*, and the Court construes their pleadings liberally.

  Plaintiffs seek to commence this action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees . . . by a person who submits an

affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." Despite use of the word "prisoner," this statute applies to all persons applying for *in forma pauperis* status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013).

This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* In order to prevent such abusive or captious litigation, the statute authorizes federal courts to *sua sponte* dismiss a case filed *in forma pauperis* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (describing § 1915(e)(2) as a "screening procedure" for dismissing IFP claims that are frivolous, that fail to state a claim, that seek monetary relief from immune defendants, or that rest on false allegations of poverty). Dismissals based on § 1915(e)(2) are often made *sua sponte* prior to the issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.[1]

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating

---

[1] The Court in *Neitzke* addressed the precursor to 28 U.S.C. § 1915(e)(2), which was 28 U.S.C. § 1915(d). However, the Tenth Circuit has cited *Neitzke* as setting forth the policy considerations underlying § 1915(e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

the presence of federal subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even if the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'").

Plaintiffs state that this Court has jurisdiction over this matter under 18 U.S.C. §§ 241, 242; 42 U.S.C. § 1983; and a variety of Oklahoma statutes.[2] Sections 241 and 242 of Title 18 establish criminal liability for certain deprivations of civil rights and conspiracy to deprive one of civil rights. However, these statutes do not give rise to a private right of action. *Larsen v. Larsen*, 671 F.Supp. 718, 718 (D. Utah 1987) (finding no private right of action under 18 U.S.C. §§ 241 and 242); *see also Stahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) ("Plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action."). Therefore, the Court will dismiss these claims.

Plaintiffs' other basis for jurisdiction, 42 U.S.C. § 1983, does not provide an independent basis for subject-matter jurisdiction. However, Plaintiffs could be alleging a claim for violation of their federal constitutional rights which could support the exercise of federal question jurisdiction

---

[2] Plaintiffs have cited sections of the Oklahoma Statutes without identifying the title in which such sections appear. Accordingly, the Court cannot evaluate the types of claims Plaintiffs intend to bring under such statutes. Regardless, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiffs may have. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

under 28 U.S.C. § 1331. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's complaint. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Collins v. Cnty. of Johnson, Kan.*, 2001 WL 950259, at *1 (D. Kan. July 12, 2011) (quoting *Martinez v. U.S. Olympic Comm'n*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiffs allege their constitutional rights were violated as a result of a child removal proceeding and cite § 1983 as the basis for the relief they seek. Although § 1983 provides a cause of action against state actors for violation of constitutional rights, *Becker v. Kroll*, 494 F.3d 904, 913 (10th Cir. 2007), Plaintiffs' allegations do not support a finding that Defendants violated Plaintiffs' constitutional rights. Plaintiffs' allegations against Judge Fransein relate to action taken by her during a child-removal proceeding. Judge Fransein has absolutely judicial immunity from § 1983 liability when performing judicial functions. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Moreover, to the extent Plaintiffs allege a claim against Michaels-Johnson related to his participation in the child-removal proceeding, Michaels-Johnson has prosecutorial immunity against any such claim. *See White v. Blackwell*, 343 F. App'x 341, 342 (10th Cir. 2009). Accordingly, Plaintiffs have not alleged a colorable federal claim against Defendants, and the Court lacks subject matter jurisdiction over this case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10

(2006) (federal courts cannot exercise federal question jurisdiction over a case without the existence of a colorable claim arising under federal law).

**IT IS THEREFORE ORDERED** that Plaintiffs' claims are dismissed for lack of subject matter jurisdiction. Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Doc. 2) is denied as moot.

**SO ORDERED this 2nd day of June, 2015.**

_____
**TERENCE C. KERN**
**United States District Judge**